# FLORIDA SUPREME COURT

# NOTICE OF CORRECTION

**DATE:** February 18, 2021

**CASE OF:** IN RE: AMENDMENTS TO THE FLORIDA PROBATE RULES - 2020 FAST-TRACK REPORT

**DOCKET NO.:** SC20-1746          **OPINION FILED:** December 31, 2020

**ATTENTION: ALL PUBLISHERS**

**THE FOLLOWING CORRECTIONS HAVE BEEN MADE IN THE ABOVE OPINION:**

On p. 12, under Committee Notes, the underlined "2020 Revision:" was removed and the following paragraph was added:
"2020 Revision: Amends subdivision (a)(8) to address the Judicial Management Council Guardianship Workgroup Final Report dated June 15, 2018, Focus Area 1, Recommendation 3, by requiring an explanation if there are less restrictive alternatives to guardianship, but they are not sufficient to meet the needs of the alleged incapacitated person. Committee notes revised."

On. p. 12, under Statutory References, the following sections have been added:
"§ 709.2104, Fla. Stat. Durable power of attorney.
§ 709.2109, Fla. Stat. Termination or suspension of power of attorney or agent's authority.
§ 744.1012, Fla. Stat. Legislative intent.
§ 744.104, Fla. Stat. Verification of documents.
§ 744.3045, Fla. Stat. Preneed guardian."

On p. 14, under Rule History, in the 2020 Revision section, line 2, "confirm" has been changed to "conform."

On p. 15, rule 5.560(a), has been changed as follows:
"(9) whether there are possible alternatives to guardianship known to the petitioner, including, but not limited to, trust agreements, powers of attorney, surrogates, guardian advocate under section 744.3085, Florida Statutes, or advance directives and why those possible alternatives are insufficient to meet the needs of the alleged incapacitated person; and

(10) if the proposed guardian is a professional guardian, a statement that the proposed guardian has complied with the registration requirements of section 744.2002, Florida Statutes."

has been corrected to read:

"(9) whether the petitioner has knowledge, information, or belief that there are possible alternatives to guardianship known to the petitioner, including, but not limited to, trust agreements, powers of attorney, designations of health care surrogates, guardian advocate under section 744.3085, Florida Statutes, or other advance directives, and if there are possible alternatives to guardianship, an explanation as to why the alternatives are insufficient to meet the needs of the alleged incapacitated person;

(10) whether the petitioner has knowledge, information, or belief that the alleged incapacitated person has a preneed guardian designation; and

(11) if the proposed guardian is a professional guardian, a statement that the proposed guardian has complied with the registration requirements of section 744.2002, Florida Statutes."

On p. 16, under Committee Notes, the underlined "2020 Revision:" was removed and the following paragraph was added:

"2020 Revision: Amends subdivision (a)(9) to address the Judicial Management Council Guardianship Workgroup Final Report dated June 15, 2018, Focus Area 1, Recommendation 3, by requiring an explanation if there are less restrictive alternatives to guardianship, but they are not sufficient to meet the needs of the alleged incapacitated person. Adds a new subdivision (a)(10) to address the Judicial Management Council Guardianship Workgroup Final Report dated June 15, 2018, Focus Area 1, Recommendation 4, by requiring a statement of the petitioner's knowledge of any preneed guardian designation. Committee notes revised."

On. p. 16, under Statutory References, the following sections have been added:
"§ 709.2104, Fla. Stat. Durable power of attorney.
§ 709.2109, Fla. Stat. Termination or suspension of power of attorney or agent's authority."

On p. 17, line 4, the following section was added:
"§ 744.3045, Fla. Stat. Preneed guardian."

On p. 20, 6th line under Committee Notes, "[effective date]" has been changed to "December 31, 2020."

**SIGNED:  OPINION CLERK**